UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT PEARSON,

                          Plaintiff,

       -against-

AROYOLA, MIDDLETOWN POLICE OFFICER;
JOHN DOE, MIDDLETOWN POLICE OFFICER;
MIDDLETOWN POLICE DEPARTMENT;
JUDGE CRAIG BROWN; JUDGE STEVEN
BROCKETT; ADA TANJA M. BEEMER;
PROBATION OFFICE; STATE OF NEW YORK;
ORANGE COUNTY; RANDY I. SIPER,

                          Defendants.

24-CV-8693 (KMW)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

KIMBA M. WOOD, United States District Judge:

       Plaintiff Robert Pearson, proceeding *pro se*, is currently incarcerated in the Auburn

Correctional Facility in Auburn, New York.  Plaintiff brings this action under 42 U.S.C. § 1983,

alleging that Defendants violated his constitutional rights.  By Order dated December 23, 2024,

the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without

prepayment of fees.[1]  (ECF No. 8.)  For the reasons set forth below, the Court dismisses this

action, but grants Plaintiff 60 days' leave to file an amended complaint.


**STANDARD OF REVIEW**

       The Prison Litigation Reform Act requires federal courts to screen complaints brought by

prisoners who seek relief against a governmental entity, or an officer or employee of a

governmental entity.  *See* 28 U.S.C. § 1915A(a).  The Court must dismiss a prisoner's IFP

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been
granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint if the court lacks subject matter jurisdiction over the claims raised.  *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" courts provide to *pro se* litigants, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  Fed R. Civ. P. 8(a)(2).

## BACKGROUND

Plaintiff filed a complaint regarding events allegedly occurring in New York and Florida, against the following Defendants: (1) Aroyola, Middletown Police Officer; (2) John Doe, Middletown Police Officer; (3) the Middletown Police Department; (4) Judge Craig Brown; (5) Judge Steven Brockett; (6) Assistant District Attorney ("ADA") Tanja M. Beemer; (7) Probation Office; (8) the State of New York; (9) Orange County; and (10) Randy I. Siper, Plaintiff's criminal defense attorney.  The following facts are drawn from the complaint.[2]  (ECF No. 1.)

---

[2] The Court quotes from the complaint verbatim.  All spelling, grammar, and punctuation appear as in the complaint, unless noted otherwise.

On September 26, 2024, while Plaintiff was in a hospital in Florida for an "emergency reason," hospital security officers and officers from the Orlando Police Department ("OPD") told Plaintiff that he had to leave the hospital, but did not tell him why.  (*Id*. at 5.)  Although Plaintiff was feeling sick, officers told Plaintiff that the hospital no longer wanted him there and threatened to arrest him for trespassing if he did not leave.  (*Id.* at 5-6.)  OPD officers eventually handcuffed Plaintiff, took him out of the hospital, and placed him in the back of a police car.  (*Id.* at 6.)  The officers informed Plaintiff that they were arresting him in connection with warrants from the State of New York.  (*Id.*)  On October 3, 2024, two Middletown police officers brought Plaintiff back to New York.  Plaintiff alleges that this was improper, because he asserts that the United States Marshals Service should have handled the extradition from Florida.  (*Id.* at 7.)

Back in New York, Judge Craig Brown of Goshen County Court and Judge Steven Brockett of Middletown City Court presided over Plaintiff's criminal proceedings.  (*Id.* at 7-8.) Plaintiff alleges that they erroneously determined that he had violated the terms of his probation, based on false information provided by a probation officer.  (*Id.* at 8.)  Defendant Siper, Plaintiff's court-appointed attorney, talked Plaintiff into pleading guilty with a promise of no jail time; however, Plaintiff ended up receiving a sentence of one year in prison.  (*Id.* at 9-10.) Plaintiff seeks $300 million in damages and the arrest of all Defendants.[3]  (*Id.* at 11.)

---

[3] Plaintiff filed a prior complaint naming some of the same Defendants.  *See Pearson v. Brockett*, No. 24-CV-1510 (S.D.N.Y. July 21, 2024) (Swain, C.J.) (ECF No. 13) (dismissing claims against Judge Brockett and the State of New York on immunity grounds, and dismissing claims against the Middletown Police Department for failure to state a claim on which relief may be granted).

**DISCUSSION**

**A.**     **Section 1983 Claims Against the Named Defendants**

**1.**     **Judge Craig Brown and Judge Steven Brockett**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009); *see Stump v. Sparkman*, 435 U.S. 349, 362 (1978) (the inquiry focuses on whether the judge was performing a "function normally performed by a judge").

Even allegations of bad faith or malice cannot overcome judicial immunity. *Bliven v. Hunt, 579 F.3d at 209.* (citations omitted).  The doctrine applies "even when such acts are in excess of [a judge's] jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. at 356 (citation omitted)).  This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation and would thus lose . . . independence." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (internal quotation marks omitted).

Plaintiff fails to allege any facts to suggest that Judge Brown or Judge Brockett acted beyond the scope of their judicial responsibilities or outside their jurisdiction in determining that Plaintiff had violated the terms of his probation. *See Mireles*, 502 U.S. at 11-12.  Because Plaintiff sues the judges for "acts arising out of, or related to, individual cases before [them]," they are immune from suit for such claims for damages. *Bliven*, 579 F.3d at 210.

In contrast, "a judge is not absolutely immune . . . from a suit for prospective injunctive relief." *Mireles*, 502 U.S. at 10 n.1 (citing *Pulliam v. Allen*, 466 U.S. 522, 536-43 (1984)); *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016) (summary order) ("[J]udicial immunity

does not bar a claim for prospective injunctive and declaratory relief.").  Nevertheless, a court's ability to award injunctive relief against a judicial officer under Section 1983 is strictly limited. Under Section 1983, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983.  Moreover, "[a] plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future."  *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998); *Shtrauch*, 651 F. App'x at 74 (affirming that plaintiff was not entitled to declaratory relief against judicial officer where plaintiff "alleges only past conduct and does not seek to prevent an ongoing or future violation of federal law").

To the extent that Plaintiff's complaint can be construed as seeking injunctive relief against Judges Brown and Brockett, this claim fails because Plaintiff does not assert that a declaratory decree was violated, that an appeal from any of the judges' orders was unavailable, or that he is entitled to declaratory relief based on some prospective future harm.  *See, e.g.*, *Davis v. Campbell*, No. 13-CV-693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014) ("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order."); *Brik v. Brodie*, No. 23-CV-4330, 2023 WL 4373557, at *1 (E.D.N.Y. July 6, 2023) (dismissing plaintiff's claims for injunctive relief against a judge because plaintiff "does not seek to remedy a harm that is truly prospective, [and plaintiff] does [not] show any entitlement to declaratory relief" based on the judge's past conduct). Accordingly, this Court cannot grant injunctive relief against the judges under Section 1983.

The Court therefore dismisses Plaintiff's claims against Judge Brown and Judge Brockett, based on absolute judicial immunity, 28 U.S.C. § 1915(e)(2)(B)(iii), and because Plaintiff cannot obtain injunctive relief on the facts presented.

### 2.    ADA Tanja Beemer

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties, where the challenged activities are "intimately associated with the judicial phase of the criminal process." *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)).  In addition, prosecutors are absolutely immune from suit for administrative obligations that are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that prosecutors had absolute immunity when deciding where to arraign a criminal defendant because such a decision was made in preparation for a court proceeding where prosecutors would act as advocates).

Plaintiff's claims against ADA Beemer appear to be based on actions within the scope of her official duties and associated with the conduct of a trial.  The Court dismisses these claims because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and are therefore frivolous, 28 U.S.C. § 1915(e)(2)(B)(i).  *See Collazo v. Pagano*, 656 F. 3d 131, 134 & n.2 (2d Cir. 2011) (per curiam) (holding that a claim against a prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process" (citation omitted)).

### 3. State of New York and "Probation Office"

Plaintiff's claim for damages against the State of New York is barred by the Eleventh Amendment. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks, alterations, and citation omitted). New York has not waived its Eleventh Amendment immunity from suit in federal court, and Congress did not abrogate the states' immunity by enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977).

Eleventh Amendment immunity "extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (citation omitted). The "Probation Office" is part of the New York State Division of Criminal Justice Services, which is "unquestionably an arm of the State." *Id.* at 368 (internal quotation marks and citation omitted). The Court therefore dismisses Plaintiff's Section 1983 claims against the State of New York and the "Probation Office" as barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(iii) (requiring dismissal of an action that seeks monetary relief against a defendant who is immune from such relief).

### 4. Randy I. Siper

To state a Section 1983 claim, a plaintiff must allege that: (1) a right secured by the Constitution and laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A Section 1983 claim must allege facts showing that each defendant acted under color of a state "statute, ordinance, regulation, custom, or usage." 42 U.S.C. § 1983. Private parties are therefore generally not liable under the Section 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406

(2d Cir. 2013) (per curiam) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Absent special circumstances suggesting concerted action between an attorney and the state, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under Section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender.  *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318-19 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that a legal aid organization ordinarily is not a state actor for purposes of Section 1983).  Because Defendant Siper is a private party who is not alleged to work for any state or other government body, Plaintiff has not stated a claim against him under Section 1983.

### 5.    Middletown Police Department and Orange County

When a plaintiff sues a municipality under Section 1983, it is not sufficient for the plaintiff to allege that the municipality's employees or agents engaged in some wrongdoing.  The plaintiff must show that municipality itself caused the violation of the plaintiff's rights.  *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . [Section 1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).

In other words, to state a claim against the Middletown Police Department or Orange County under Section 1983, the plaintiff must allege facts showing (1) the existence of a county

policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights.[4] *See Jones v. Town of East Haven*, 691 F.3d 72, 80-81 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).

A plaintiff may satisfy the "policy, custom, or practice" requirement by alleging one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 161, 276-77 (S.D.N.Y. 2010) (Preska, J.) (citations omitted).

Here, Plaintiff's allegations do not suggest that a policy, custom, or practice of the Middletown Police Department or Orange County caused a violation of his federal constitutional rights. The Court therefore dismisses Plaintiff's claims against those entities for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[4] Unless otherwise authorized by a municipal charter, municipal agencies and departments are not suable entities, and thus do not have the capacity to be sued, as opposed to the respective municipalities themselves. *See Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)). Under the Middletown City Charter, the Police Commission is the final policymaking body for law enforcement. *See* Middletown City Charter, Title VII §§ 127–129; *Bowman v. City of Middletown*, 91 F. Supp. 2d 644, 659 (S.D.N.Y. 2000) (referencing the Middletown City Charter and holding that plaintiff "has made no showing that any decision of the Police Commission led to his arrest, or that [any named defendant] was a final policymaker."). At this early stage, the Court will assume without deciding that the Middletown Police Department is a suable entity.

### 6.    Middletown Police Officers Aroyola and Doe

Because Plaintiff asserts that he was unlawfully arrested and imprisoned (ECF No. 1 at 9), the Court considers whether Plaintiff can state a false arrest claim against the arresting officers.

State law provides the starting point for the elements of a claim for false arrest under Section 1983.  *See Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 378 (2017) (Alito, J., dissenting) ("[T]o flesh out the elements of this constitutional tort, we must look for 'tort analogies.'"); *Lanning v. City of Glens Falls*, 908 F.3d 19, 25-26 (2d Cir. 2018) (holding that although common law principles guide courts in defining the elements of a Section 1983 claim, courts should not "mechanically apply" the law of New York State), *abrogated on other grounds by Thompson v. Clark*, 596 U.S. 36 (2022).

To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged."  *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012) (emphasis and citations omitted).  An arrest is privileged if it is based on probable cause.  *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest." (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal quotation marks omitted))).

Officers have probable cause to arrest when they have "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006).  Probable cause is measured based on "those facts available to the officer at the time of arrest and immediately before it." *Joseph v. Deluna*, No.

15-CV-5602, 2018 WL 1474398, at *3 (S.D.N.Y. Mar. 23, 2018) (Wood, J.) (quoting *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006)).  "[P]robable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994); *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (holding that police officers are "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest" (citation omitted)).

Plaintiff's complaint does not allege facts showing that the officers lacked probable cause to arrest him.  Rather, Plaintiff acknowledges that Officers Aroyola and Doe brought him to New York in response to warrants that Judges Brown and Brockett had issued.  Although Plaintiff alleges that the United States Marshals Service should have handled his extradition, instead of officers from the Middletown Police Department, he provides no authority to support that assertion.  The Court therefore dismisses the false arrest claim for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## B.    Challenge to Criminal Proceedings

The Court must dismiss Plaintiff's claims for declaratory and injunctive relief in which he asks the Court to intervene in his pending state court criminal proceedings.  In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court may not enjoin a pending state court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate.  *Id.* at 53-54; *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a . . . pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."); *Gristina v. Merchan*, 131 F.4th 82, 86-87 (2d Cir. 2025) ("The *Younger* abstention doctrine embodies the

longstanding public policy against federal court interference with state court proceedings."
(internal quotation marks and citation omitted)).

Bad faith or harassment exists when the party bringing the state court action has "no
reasonable expectation of obtaining a favorable outcome." *Homere v. Inc. Vill. of Hempstead*,
322 F. Supp. 3d 353, 368 (E.D.N.Y. 2018) (quoting *Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir.
1994)); *see also Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975) (noting that bad faith under
*Younger* "generally means a prosecution has been brought without a reasonable expectation of
obtaining a valid conviction"); *Dougal v. Lewicki*, No. 23-CV-1167, 2023 WL 6430586, at *9
(N.D.N.Y. Oct. 2, 2023) (holding that plaintiff's claim that "his neighbors' complaints which led
to the charges were false" was insufficient to show bad faith or harassment, and did not
"overcome the presumption that federal courts should not interfere in ongoing state court
matters" (citing *Anilao v. Spota*, 27 F.4th 855, 866 (2d Cir. 2022))), report and recommendation
adopted, 2023 WL 7013384 (N.D.N.Y. Oct. 25, 2023); *DeMartino v. New York State Dep't of
Lab.*, 167 F. Supp. 3d 342, 355-56 (E.D.N.Y. 2016) (holding that plaintiff's allegations that the
state administrative charges against him were based on defendant's false statements did not
"serve as the factual predicate for a plausible finding of bad faith").

Here, Plaintiff has alleged no facts showing bad faith, harassment, or irreparable injury
with respect to his pending state court criminal proceedings.  The Court therefore declines to
intervene in that proceeding and dismisses his claims for declaratory and injunctive relief.

## LEAVE TO AMEND IS GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney.  District courts
generally grant a self-represented plaintiff an opportunity to amend a complaint to cure its
defects, unless amendment would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because of Plaintiff's *pro se* status, and in an abundance of caution, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), as frivolous, for failure to state a claim upon which relief may be granted, and for seeking monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court grants Plaintiff 60 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil

judgment is entered.

SO ORDERED.

Dated:    August 18, 2025
          New York, New York

                                        /s/ Kimba M. Wood
                                    _____
                                        KIMBA M. WOOD
                                    United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

               **-against-**

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  ☐ Yes    ☐ No

(check one)

___ Civ. _____ (    )

I.      **Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's     Name_____
                   ID#_____
                   Current Institution_____
                   Address_____
                   _____

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1     Name _____ Shield #_____
                       Where Currently Employed _____
                       Address _____
                       _____

Defendant  No. 2      Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____


Defendant  No. 3      Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

---

**Who did
what?**

---

Defendant  No. 4      Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____


Defendant  No. 5      Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____


## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.


A.      In what institution did the events giving rise to your claim(s) occur?

_____

_____


B.      Where in the institution did the events giving rise to your claim(s) occur?

_____


C.      What  date  and  approximate  time  did  the  events  giving  rise  to  your  claim(s)  occur?

_____

_____

_____


D.      Facts:_____

---

**What
happened
to you?**

---

_____

_____

_____

*Rev. 01/2010*                                    2

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____

**Who else saw what happened?**

### III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

### IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

_____

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _____    No _____    Do Not Know _____

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _____    No _____    Do Not Know _____

If YES, which claim(s)?

_____

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _____    No _____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____    No _____

E.    If you did file a grievance, about the events described in this complaint, where did you file the grievance?

_____

1.    Which claim(s) in this complaint did you grieve?

_____

_____

2.    What was the result, if any?

_____

_____

3.    What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.

_____

_____

_____

_____

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

_____

_____

_____

_____
_____
_____

> 2.   If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.   Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____

**VI.    Previous lawsuits:**

On
these
claims

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____ No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.Court (if federal court, name the district; if state court, name the county) _____
_____

_____    3.    Docket or Index number _____

_____    4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____ No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____

_____

On
other
claims

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____    No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

_____    3.    Docket or Index number _____

_____    4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.  Is the case still pending?  Yes _____  No _____

    If NO, give the approximate date of disposition_____

7.  What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____

    _____

    _____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _____ day of _____, 20___.

Signature of Plaintiff    _____

Inmate Number    _____

Institution Address    _____

_____

_____

_____


Note:  All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.


I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:  _____