UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT PEARSON,

                Plaintiff,

         -against-

AROYOLA POLICE OFFICER FOR
MIDDLETOWN; JOHN DOE MIDDLETOWN
POLICE OFFICER; STATE OF NEW YORK;
JUDGE CRAIG BROWN JUDGE FOR
ORANGE COUNTY COURT OF GOSHEN
NY; ORANGE COUNTY OF THE STATE OF
THE STATE OF NY; MIDDLETOWN POLICE
DEPARTMENT; POLICE DEPARTMENT
FOR THE CITY OF MIDDLETOWN NY,

                Defendants.

24-CV-8693 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

Plaintiff, who is incarcerated at Green Haven Correctional Facility, is proceeding *pro se* and *in forma pauperis* ("IFP"). Plaintiff filed this complaint under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By Order dated August 18, 2025, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. (ECF No. 19.) After the Court granted Plaintiff two extensions, ECF Nos. 22, 24, Plaintiff filed an amended complaint on March 24, 2026. (ECF No. 26.). After reviewing the amended complaint, the Court dismisses the action for the reasons set forth below.

## BACKGROUND AND DISCUSSION

In his original complaint, arising from events beginning in September 2024, the Plaintiff named the following Defendants: (1) identified and unidentified Middletown police officers; (2) the Middletown Police Department and Orange County; (3) an Orange County Assistant District Attorney; (4) two Orange County judges; (5) the State of New York and the "Probation

Office"; and (6) Plaintiff's criminal defense attorney.[1] (ECF No. 1.) Plaintiff alleged that while he was receiving emergency treatment in a Florida hospital, officers from the Orlando Police Department ("OPD") told Plaintiff that he had to leave the hospital with them but did not tell him why. (*Id.* at 5.) Although Plaintiff was not well, the OPD officers threatened to arrest him if he did not go with them. (*Id.* at 5-6.) The OPD officers eventually handcuffed Plaintiff, took him out of the hospital, and placed him in the back of a police car. (*Id.* at 6.) The officers informed Plaintiff that they were arresting him in connection with warrants from the State of New York. (*Id.*)

On October 3, 2024, two Middletown police officers brought Plaintiff back to New York from Florida. Plaintiff alleges that this was improper because the United States Marshals Service ("USMS") should have handled his extradition from Florida. (*Id.* at 7.)

Back in New York, Judge Craig Brown of Goshen County Court and Judge Steven Brockett of Middletown City Court presided over Plaintiff's criminal proceedings. (*Id.* at 7-8.) Plaintiff alleges that the judges erroneously determined that he had violated the terms of his probation, based on false information provided by a probation officer. (*Id.* at 8.) Defendant Siper, Plaintiff's court-appointed attorney, talked Plaintiff into pleading guilty with a promise of no jail time; however, Plaintiff ended up receiving a sentence of one year in prison. (*Id.* at 9-10.) Plaintiff claims that these events violated his constitutional rights, for which he sought $300 million in damages. (*Id.* at 11.)

By Order dated August 18, 2025, the Court directed Plaintiff to file an amended complaint to address deficiencies in his original pleading. The deficiencies the Court identified

---

[1] The Court quotes from Plaintiff's submissions verbatim. All spelling, grammar, and punctuation are as in the complaints unless noted otherwise.

are as follows: (1) the judges, the prosecutor, the State of New York and the state agency are immune from suit; (2) the Middletown Police Department is not a suable entity; (3) Plaintiff did not allege facts supporting a municipal liability claims against Orange County or the City of Middletown; (4) Plaintiff could not state a Section 1983 claim against his criminal defense attorney; (5) Plaintiff did not allege facts stating a false arrest claim; (6) pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), the could not intervene in his ongoing criminal proceedings; and (7) the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994), precluded an award of money damages unless the underlying conviction had been overturned or vacated.[2] (ECF No. 19.)  With respect to his assertion that only the USMS could have legally handled his extradition, and not the Middletown Police Department, the Court noted that Plaintiff "provides no authority to support that assertion." (*Id.* at 11.) The Court granted Plaintiff leave to file an amended complaint.

In the amended complaint, Plaintiff asserts that the Middletown police officers did not have jurisdiction to extradite him from Florida to New York, and he seeks to hold the City of Middletown liable for this alleged violation of his constitutional rights.  (ECF No. 26 at 2-3.) Although the Court raised in its prior Order that Plaintiff did not provide any authority to support his assertion that only the USMS could transport him from Florida to New York, he again provides no authority for that assertion.  The limited case law on this issue is decidedly contrary to Plaintiff's assertion. *See, e.g., Prall v. Hartford Prosecutors,* No. 09-CV-1047, 2011 WL 4352014, at *4 (D. Conn. Sept. 16, 2011) (rejecting *pro se* defendant's argument that his Fourth Amendment rights were violated when he was transported from Connecticut to New Jersey by New Jersey state officials instead of the USMS).

---

[2] It is not clear whether Plaintiff's criminal proceedings are still ongoing.

Accordingly, the Court dismisses Plaintiff's amended complaint for the reasons set forth in this Order and in the August 18, 2025 Order. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); *Royal Canin U.S. A., Inc. v. Wullschleger,* 604 U.S. 22, 32 (2025) (holding that once the district court has dismissed all claims over which it has original jurisdiction, "although supplemental jurisdiction persists, the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court.").

Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**FURTHER LEAVE TO AMEND DENIED**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F3d 184, 191 (2d Cir. 2008); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

CONCLUSION

For the reasons set forth in this order and in the August 18, 2025 order, the Court

dismisses Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1) pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court declines, under 28 U.S.C. § 1367(c)(3), to exercise its supplemental

jurisdiction of any state law claims Plaintiff may be asserting.  *See Kolari v. New York-*

*Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:    May 15, 2026
          New York, New York

                                        /s/Kimba M. Wood
                                        KIMBA M. WOOD
                                        United States District Judge

5